IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHAN JAMES B.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 22-4047-JWL |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI) benefits and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

**I.    Background**

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

Plaintiff protectively filed applications for SSDI and SSI benefits on October 21, 2019. (R. 18, 273-88). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ ignored substantial evidence when assessing residual functional capacity (RFC), erred in relying on the prior administrative medical findings of state agency physicians and psychologists, and ignored the medical opinions of his healthcare providers.[2]

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see

---

[2] Plaintiff refers to the prior administrative medical findings as "medical opinions" also. "Prior administrative medical findings" is a term of art referring to the findings of state or federal agency physicians or psychologists about a medical issue at an earlier level of review. 20 C.F.R. §§ 404.1513(a)(5), 415.913(a)(5). Although the term is broader in scope than a "medical opinion," id. at §§ 404.1513(a)(2), 416.913(a)(2), the terms are often used interchangeably, prior administrative medical findings are evaluated by the same standards as medical opinions, id. at §§ 404.1520c, 416.920c, and the court will use the term medical opinion hereafter except when drawing a distinction.

also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether

claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  The court addresses the errors alleged in Plaintiff's Social Security Brief.

**II.    Discussion**

Counsel for Plaintiff represented another client before this court earlier this year in which he made similar arguments—in several instances using language identical to that used here.  Michael Lynn D. v. Kijakazi, Civ. A. No. 22-4023-JWL, 2023 WL 3275779 (D. Kan. May 5, 2023).  In the introduction to his brief, Plaintiff argues he

4

> presented evidence overwhelmingly demonstrating that she [sic] suffers from severe psychiatric impairments that interfere with her [sic] daily functioning. This evidence was provided by her [sic] treating physicians and experts in the field of cognitive function. ALJ Shilling rejected this evidence without any real explanation, assigning only one paragraph of his 12-page analysis to Dr. Wang's report. If this evidence had been appropriately considered, a different residual functional capacity would have resulted, which could have easily resulted in a finding of disability based upon the opinions of the vocational expert that testified at the February 9, 2021 hearing.

(Pl. Br. 3).

He claims the ALJ erred in relying on the medical opinions of state agency medical and psychological consultants and as a result her RFC assessment was erroneous. Plaintiff attacks the opinions of the state agency consultants as generally lacking substantial weight and being unworthy of persuasive value.

> The ALJ found persuasive and controlling the opinions of agency doctors that never evaluated the Claimant. The ALJ's explanation for the evidence used is flawed. The opinions in questions are not medical reports but consultant reports hired by the agency to evaluate claims. They never see the claimant. They did not in this case. They only briefly summarize the opinions. They do not explain their analysis. There is no examination or opinions of their own based upon the claimant. They solely base their opinion on a medical review of the records.
>
> Also, contrary to ALJ's assertion, we cannot tell what they really evaluated. They barely reference the main impairing conditions. They clearly did not have all of the opinions of the treating doctor as treatment was provided long after the dates they did the medical review.
>
> This then raises the issues whether or not these non-examining opinions can be used as substantial evidence. They did not have all of the evidence. The evidence was not fully developed at the time they issued their opinions. In short, their opinions lacked proper foundation to be used in any way as substantial evidence to support the ALJ's decision.

Id. at 8.

Plaintiff purports to apply the first four regulatory factors for evaluating the persuasiveness of medical opinions and argues the opinions of the state agency consultants do not meet the requirements to be accepted as persuasive opinions. Id. 11-12 (citing 20 C.F.R. § 404.1520c).

### A.     Analysis

Plaintiff's introductory paragraph quoted above contains no citation to record evidence and is virtually incomprehensible in the context of this case. The plaintiff in this case is a man not a woman, the ALJ's decision here is 13 pages not 12, the decision here does not refer to a Dr. Wang, the exhibit list shows a request for records from Dr. Wang to which his office responded, "We do not have this patient's file" (R. 1281), the hearing in this case was held on November 29, not February 9, 2021, and the ALJ in this case is a woman and is not ALJ Shilling.

Nowhere in his Brief does Plaintiff cite to record evidence at all, much less to support the allegations in his arguments, and he does not cite record evidence to demonstrate the errors he alleges the ALJ made or to show evidence compelling a different finding than that reached by the ALJ. Plaintiff alleges the ALJ ignored material and substantial evidence but points to no evidence ignored by the ALJ. He argues the opinions of his healthcare providers meet the requirements to be persuasive and were ignored, but he does not say who the providers were, what the relevant opinions are, nor where in 4,146 pages of <u>medical</u> records the opinions are located. Plaintiff simply has neither developed nor supported his argument of error. The court notes the record does not contain any exhibits containing specific medical source statements from Plaintiff's

healthcare providers and the ALJ explained her analysis of the state agency consultants' opinions and those of the consultative examiners. (R. 27-28).

It is not the court's "obligation to search the record and construct a party's arguments." Kirkpatrick v. Colvin, 663 F. App'x 646, 649 (10th Cir. 2016). Thus, the court is left either to weigh the record evidence de novo or simply to review the ALJ's decision and determine whether she applied the correct legal standard and whether substantial evidence ("such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" Perales, 402 U.S. at 401) supports her findings. Since the court is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ; Bowman, 511 F.3d at 1272; Hackett, 395 F.3d at 1172; it has simply reviewed the decision below and finds the ALJ applied the correct legal standard and substantial record evidence, as presented in the ALJ's extensive citations to the record, supports her evaluation of the medical opinions and her RFC assessment.

Plaintiff's attack on the state agency consultants' opinions is also undeveloped. If he intends to suggest such opinions should never be admitted in Social Security disability proceedings, such an argument should be first presented before the agency to allow for it first to consider the question. Moreover, Plaintiff provides no legal authority for such a proposition and the court will not attempt to consider it without such authority and an opportunity for the agency to respond. To the extent he argues the consultants only briefly summarized their opinions and did not explain their analyses, that is belied by the record evidence. The consultants provided "Findings of Fact and Analysis of Evidence." (R. 95, 137). The consultants listed the medically determinable impairments they

considered—Traumatic Brain Injury; Depressive, Bipolar, and Related Disorders; and Neurodevelopmental Disorders.  (R. 95-96, 137-38).  And the consultants completed a Residual Functional Capacity section in which they stated their opinions regarding Plaintiff's limitations in exertional, postural, manipulative, visual, communicative, environmental, understanding and memory, sustained concentration and persistence, social interaction, and adaptation abilities and provided "Additional Explanation[s]" respecting Plaintiff's RFC limitations.  (R. 99-103, 142-49).  Finally, the complaint that the state agency medical consultants did not have all of the records to review is without merit for two reasons.  First, Plaintiff does not point to which records were not reviewed by the consultants.  Second, and most importantly, all the records were reviewed by the ALJ who determined that the opinions of the consultants were persuasive based upon the evidence and regulatory factors—primarily the factors of consistency and supportability.

Plaintiff has shown no error in the ALJ's decision below, the court's review reveals that the ALJ applied the correct legal standard, and substantial evidence supports his decision.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated September 27, 2023, at Kansas City, Kansas.

 s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**